## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**RICARDO YOUNG, ET AL**                    **CIVIL ACTION**

**VERSUS**                                  **NO. 23-1734**

**EAN HOLDINGS, LLC, ET AL**                **SECTION: D (5)**

### ORDER AND REASONS

Before the Court is a Motion to Remand, filed by plaintiffs, Ricardo Young,

Jamilah Young, and Rico Young.[1] The Motion is opposed.[2]

After considering the briefs submitted by the parties and the applicable law,

for the reasons expressed below, the Motion to Remand is **DENIED**.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

On or about June 8, 2022, Ricardo Young, Jamilah Young, and Rico Young

("Plaintiffs") filed a Petition for Damages against EAN Holdings LLC, d/b/a

Enterprise Holdings, Inc., Progressive Paloverde Insurance Company, and Scott

Lawrence[3] in Civil District Court for the Parish of Orleans, State of Louisiana,

seeking damages for injuries Plaintiffs allegedly sustained as a result of a motor

vehicle accident that occurred on or about November 20, 2021.[4] Plaintiffs allege that

they "sustained damages including, but not limited to, past and future pain and

suffering, past and future mental anguish and suffering, past and future medical

expenses, past and future loss of wages, and any and all other damages that may be

---

[1] R. Doc. 6.

[2] R. Doc. 8.

[3] While the state court Petition names as a defendant "Scott Lawrence," EAN Holdings, LLC asserts in its Notice of Removal that, "[u]pon information and belief, the defendant driver's name is Lawrence Scott." R. Doc. 1 at p. 1, n. 1.

[4] R. Doc. 1-1 at ¶ III.

proven at the trial of this matter."[5] On or about April 24, 2023, Plaintiffs filed three individual Offers of Judgment, each in the amount of $200,000.[6]

On May 23, 2023, EAN Holdings, LLC ("EAN") filed a Notice for Removal in this Court, asserting that the Court has subject matter jurisdiction over this case based upon 28 U.S.C. § 1332(a), diversity jurisdiction.[7] EAN asserts that the parties are diverse because Plaintiffs are Louisiana citizens, EAN is a Delaware limited liability company whose sole member is Enterprise Holdings, Inc., a Missouri corporation with its principal place of business in Missouri, and "Scott Lawrence" is a citizen of the State of Texas.[8] EAN further asserts that the amount in controversy exceeds $75,000.00 based on the Plaintiffs' Offers of Judgment.[9] EAN claims that removal is timely because it occurred "within 30 days after being served with notice that Plaintiffs were individually demanding an excess of $75,000.00 as required by 28 U.S.C. § 1446(b)(1)."[10] Lastly, EAN alleges that it was never served with Plaintiffs' Offers of Judgment and only discovered them in the state record while filing unrelated documents.[11]

On June 25, 2023, Plaintiffs filed the instant Motion to Remand, asserting that removal was untimely pursuant to 28 U.S.C. § 1447(c).[12] Plaintiffs argue that removal was untimely because EAN "received notice[] through a settlement demand

---

[5] *Id.* at ¶ IX.
[6] R. Doc. 1-3; R. Doc. 1-4; R. Doc. 1-5.
[7] R. Doc. 1 at ¶ 6.
[8] R. Doc. 1 at ¶¶ 7-8; R. Doc. 2 at p.1. Progressive Paloverde Insurance Company was dismissed without prejudice from this matter prior to removal. R. Doc. 1-2.
[9] R. Doc. 1 at ¶ 4.
[10] *Id.* at ¶ 5.
[11] *Id.* at ¶ 4.
[12] R. Doc. 6.

on October 31, 2022, and again on November 17, 2022," that the amount in controversy exceeded $75,000.00 through special damages listed in the demand.[13] Plaintiffs assert that the settlement demand circulated in late 2022 qualifies as "other paper" under 28 U.S.C. § 1446(3), and that EAN's 30-day window to seek removal expired on December 18, 2022.[14] As such, Plaintiffs argue that the case must be remanded back to state court.

EAN argues that the Motion to Remand should be denied because it was untimely-filed under 28 U.S.C. § 1447(c).[15] EAN argues that Plaintiffs are seeking remand "for an alleged procedural defect rather than lack of subject matter jurisdiction," and that under 28 U.S.C. § 1447, a challenge based on a procedural defect must be brought within 30 days after a notice of removal is filed.[16] EAN alleges that, "[t]he thirtieth and final day for filing a timely motion to remand [in this case] was Friday, June 23, 2023."[17] EAN asserts that since Plaintiffs' Motion was filed on Sunday, June 25, 2023—32 days after EAN filed its Notice of Removal—the Court should deny the Motion to Remand as untimely.[18]

## II.   LEGAL STANDARD

A defendant may remove "any civil action brought in a State court which the district courts of the United States have original jurisdiction."[19] District courts have original jurisdiction based on diversity of citizenship when the cause of action is

---

[13] R. Doc. 6-1 at 3 (*citing* R. Docs 6-2 & 6-3).
[14] *Id.* at 3 & 4.
[15] R. Doc. 8.
[16] *Id.* at p. 1.
[17] *Id.*
[18] *Id.* at pp. 1 & 2.
[19] 28 U.S.C. § 1441(a).

between "citizens of different States" and the amount in controversy exceeds "the sum value of $75,000.00, exclusive of interest and costs."[20] A federal court's subject matter jurisdiction must exist "as of the time the complaint is filed."[21] Generally, defendants have 30 days following the receipt of initial pleadings to file a notice of removal.[22] In Louisiana, state law prohibits petitioners from attaching a monetary value to their claim for damages in initial pleadings.[23] However, "a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."[24]

A case removed to federal court should be remanded back to state court if it appears that the district court lacks subject matter jurisdiction at any point prior to final judgment.[25] Under 28 U.S.C. § 1447, "a motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal."[26] The statutory language of § 1447 is "unambiguous" and "must be enforced according to its terms."[27] Based on the unambiguous language of the statute, the Fifth Circuit has clarified that, "for a timeliness analysis under Section 1447(c), the central inquiry is whether the remand motion satisfies the 30-day requirement."[28]

---

[20] 28 U.S.C. § 1332(a).
[21] *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).
[22] 28 U.S.C. § 1446(b)(1).
[23] La. Code Civ. P. art. 893.
[24] 28 U.S.C. § 1446(b)(3).
[25] 28 U.S.C. § 1447(c).
[26] *Id.*
[27] *BEPCO, L.P. v. Santa Fe Minerals., Inc.*, 675 F.3d 466, 471 (5th Cir. 2012).
[28] *Id.*

## III.   ANALYSIS

Applying the foregoing principles to the Motion to Remand, the Court finds that the Plaintiffs waived their non-jurisdictional challenge to EAN's Notice of Removal by failing to file their Motion within 30 days after the Notice of Removal was filed.[29] EAN filed its Notice of Removal on May 23, 2023.[30] Plaintiffs therefore had 30 days, or until June 23, 2023, to object to the removal based on a procedural defect under 28 U.S.C. § 1447(c). The Motion to Remand, however, was not filed until June 25, 2023 — 32 days after the removal. Under the plain language of § 1447(c), the Court finds that the Motion to Remand must be denied as untimely.[31]

## IV.   CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that the Motion to Remand[32] is **DENIED.**

New Orleans, Louisiana, September 26, 2023.

**WENDY B. VITTER**
**United States District Judge**

---

[29] *Harrell v. Home Depot, U.S.A. Inc.*, Civ. A. No. 22-1673, 2022 WL 3755042 at *2 (E.D. La. Aug. 30, 2022) (Fallon, J.).
[30] R. Doc. 1.
[31] *See e.g.*, *In re Shell Oil Co.*, 932 F.2d 1518, 1522-23 (5th Cir. 1991) (Plaintiffs waived their objection to a procedurally improper removal by waiting 33 days to move for remand).
[32] R. Doc. 6.