UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **RICARDO YOUNG, JAMILAH YOUNG, AND RICO YOUNG** | * * * | **CIVIL ACTION NUMBER: 23-01734** |
| **VERSUS** | * * * | **DISTRICT JUDGE: WENDY B. VITTER** |
| **EAN HOLDINGS, LLC d/b/a ENTERPRISE HOLDINGS, INC., LAWRENCE SCOTT, and PROGRESSIVE PALVERDE INSURANCE COMPANY** | * * * * * | **MAGISTRATE JUDGE: MICHAEL B. NORTH** |

*************************************************************************

## PLAINTIFFS' RESPONSE TO ORDER TO SHOW CAUSE

**NOW COMES,** through undersigned counsel, Plaintiffs, Ricardo Young, Jamilah Young, and Rico Young, who respectfully request that this Honorable Court extend the time for service of Plaintiffs' Original Petition for Damages and Amended Complaint under Fed. R. Civ. Pro. 4(m) on Defendants, Lawrence Scott and Empire Fire and Marine Insurance Company. Plaintiffs submit this memorandum in support of their request to extend time for service under Fed. R. Civ. Pro. 4(m) in response to the Court's Order to Show Cause (R. Doc. 34) why the defendants should not be dismissed for failure to prosecute.

**I.      FACTUAL BACKGROUND**

On February 28, 2024, Plaintiffs filed their Amended Petition for Damages and/or Amended Complaint (R. Doc. 24). The final page of the Amended Complaint contains the service instructions included in Plaintiffs' Original Petition for Damages with the service addresses of the named defendants. The undersigned mistakenly believed that this "request for service" under La. C.C.P. art. 1201(C) was analogous to the procedure utilized by the United States District Court for the Eastern District of Louisiana. Upon learning of this mistake and the requirements under Fed. R. Civ. Pro. 4, the undersigned presented a summons to the clerk for issuance for Defendants,

Lawrence Scott (R. Doc. 37) and Empire Fire and Marine Insurance Company (R. Doc. 36) on March 5, 2024. On March 8, 2024, the undersigned served Defendants with the Summons, Original Petition for Damages, and Amended Complaint under Fed. R. Civ. Pro. 4(e)(2)(C) by mailing the summons and pleadings via USPS Certified Mail. The undersigned then filed an Affidavit of Service for Lawrence Scott (R. Doc. 41) and Empire Fire and Marine Insurance Company (R. Doc. 42).

## II. LAW AND ARGUMENT

Fed. R. Civ. Pro. 4(m) provides, in pertinent part, that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."

"When service of process is challenged, the serving party bears the burden of proving…good cause for failure to effect timely service."[1] Proof of good cause requires "at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice."[2] Some "showing of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified is normally required."[3] "Even if the plaintiff lacks good cause, the court has discretion to extend the time for service."[4]

---

[1] *Thrasher v. City of Amarillo*, 709 F.3d 509, 511 (5th Cir. 2013) (citing *Sys. Signs Supplies v. U.S. Dep't of Justice, Wash., D.C.*, 903 F.2d 1011, 1013 (5th Cir. 1990) (per curiam)).
[2] *Id.* (citing *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985)).
[3] *Id.*
[4] *Id.* (citing *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008)).

Here, the undersigned's mistake in requesting service rather than presenting a summons for issuance may not rise to the level of good cause under Fed. R. Civ. Pro. 4(m); however, this Honorable Court, in its discretion, may find good faith in the undersigned's attempt at service on the defendants and the undersigned's prompt response to the Court's warning of dismissal sufficient to warrant an extension of the time for service. Plaintiffs are currently less than two weeks outside of the 90-day time period provided by Fed. R. Civ. Pro. 4(m).

### III.   CONCLUSION

For these reasons, Plaintiffs respectfully request that this Honorable Court extend the time for service of Plaintiffs' Original Petition for Damages and Amended Complaint under Fed. R. Civ. Pro. 4(m) on Defendants, Lawrence Scott and Empire Fire and Marine Insurance Company.

Respectfully submitted,

**WRIGHT & GRAY**

*/s/ Allison J. Johnson*
**DARYL A. GRAY, T.A., LA Bar No. 34225**
**ERIC A. WRIGHT, LA Bar No. 26149**
**ALLISON J. JOHNSON, LA Bar No. 36207**
201 St. Charles Avenue Suite 2710
New Orleans, LA 70170
Telephone: (504) 500-0000
Facsimile: (504) 324-0445
daryl@wrightgray.com
eric@wrightgray.com
allison@wrightgray.com

***ATTORNEYS FOR PLAINTIFFS***

3

**CERTIFICATE OF SERVICE**

I certify that, on the date set forth below, the foregoing document was filed electronically with the Clerk of Court using the CM/ECF system and that it will be available for viewing and downloading on the Court's CM/ECF system by the parties.  Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system on this 8th day of March, 2024.

                                 */s/ Allison J. Johnson*
                                 **ALLISON J. JOHNSON**