## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

RICARDO YOUNG, ET AL.                    CIVIL ACTION

VERSUS                                    NO. 23-1734

EAN HOLDINGS, LLC, ET AL.                 SECTION: D (5)

### ORDER and REASONS

Before the Court is a Motion to Dismiss Pursuant to Rule 12(b)(4) and Rule 12(b)(5) With Motion to Strike Docs. 41 & 42[1] and a Motion to Dismiss Pursuant to Rule 4(m),[2] both filed by defendants, Empire Fire and Marine Insurance Company ("Empire") and "Scott Lawrence" (collectively, "Defendants").[3] Defendants assert that the two Motions to Dismiss "are inextricably intertwined by law and by fact."[4] Before an opposition was filed in response to either motion, and with leave of court,[5] Empire filed a Supplemental Motion to Dismiss Pursuant to Rule 12(b)(4) and Rule 12(b)(5) With Motion to Strike Docs. 41 and 42, Adding Motion to Strike Doc. 59[6] and a Supplemental Motion to Dismiss Pursuant to Rule 4(m),[7] both of which were filed

---

[1] R. Doc. 48.

[2] R. Doc. 49.

[3] In both Motions, Defendants note that Plaintiffs named "Scott Lawrence" as a defendant in the state court Petition for Damages, even though the Uniform Motor Vehicle Traffic Crash Report listed "Lawrence V. Scott" as the driver of the rental vehicle owned by EAN Holdings, LLC. R. Doc. 48 at p. 1, n.1 (*citing* R. Doc. 5-1); R. Doc. 49 at p. 1, n.1 (*citing* R. Doc. 5-1). Defendants also note that footnote 1 in the Notice of Removal, filed on May 23, 2023, clearly states that the defendant's correct name is "Lawrence Scott." R. Doc. 48 at p. 1, n.1 (*citing* R. Doc. 1); R. Doc. 49 at p. 1, n.1 (*citing* R. Doc. 1). The Court notes, however, that both Motions to Dismiss were filed on behalf of Empire and "Scott Lawrence" as Plaintiffs have continually incorrectly named "Scott Lawrence" as a defendant. *See*, R. Doc. 48 at pp. 1 & 3; R. Doc. 49 at pp. 1 & 3.

[4] R. Doc. 48 at p. 2; R. Doc. 49 at p. 2.

[5] R. Doc. 64.

[6] R. Doc. 65.

[7] R. Doc. 66.

"in response to the Affidavit of Service [R. Doc. 59] filed by the plaintiffs on April 16, 2024."[8]

On May 6, 2024, pursuant to Court order,[9] Ricardo Young, Jamilah Young, and Rico Young (collectively, "Plaintiffs") filed one Opposition brief in response to the two Motions to Dismiss.[10]  Defendants have filed one Reply brief in further support of their Motions to Dismiss.[11]

After careful consideration of the parties' memoranda and the applicable law, the Motions to Dismiss are **GRANTED in part, as modified, as to "Scott Lawrence," and DENIED in part, as to Empire**.

## I.    FACTUAL AND PROCEDURAL HISTORY

Much ink has been spilled on preliminary, though important, matters in this case, which arises out of a car accident that occurred almost three years ago.  On or about June 8, 2022, Plaintiffs filed a Petition for Damages in Louisiana state court, alleging that they were injured as a result of a motor vehicle accident that occurred on or about November 20, 2021.[12]  Specifically, Plaintiffs allege that they were stopped at a stop sign and were rear-ended by a vehicle owned by EAN Holdings, LLC d/b/a Enterprise Holdings, Inc. ("EAN Holdings"), and driven by "Scott Lawrence."[13] Plaintiffs sued "Scott Lawrence," EAN Holdings, and Progressive Paloverde

---

[8] R. Doc. 65 at p. 1; R. Doc. 66 at p. 1.
[9] R. Doc. 64.
[10] R. Doc. 72.
[11] R. Doc. 76.
[12] R. Doc. 1-1 at ¶ III.
[13] *Id*.

Insurance Company ("Progressive"), the uninsured/underinsured motorist insurance carrier of plaintiff, Jamilah Young.[14]

EAN Holdings removed the matter to this Court on May 23, 2023, on the basis of diversity jurisdiction, 28 U.S.C. § 1332.[15]  In the Notice of Removal, EAN Holdings asserted that the state court record reflects that defendant, "Scott Lawrence," had not yet been served and that Progressive was dismissed without prejudice on December 13, 2022.[16]  EAN Holdings further asserted that removal was timely under 28 U.S.C. § 1446(b)(1) because the Notice of Removal was filed within 30 days after EAN Holdings obtained copies of three Offers of Judgment filed by the Plaintiffs in the state court proceeding on April 24, 2023, stating that each of their claims were worth $200,000.00.[17]  Further, in two separate places in the Notice of Removal filed on May 23,2023, EAN Holdings advises that it believes the correct identity of the defendant driver is Lawrence Scott, not "Scott Lawrence."[18]

Plaintiffs filed a Motion to Remand on June 25, 2023, asserting that removal was untimely pursuant to 28 U.S.C. § 1447(c).[19]  EAN Holdings opposed the Motion, asserting that the Motion was untimely-filed under 28 U.S.C. § 1447(c).[20]  The Court notes that EAN Holdings referred to "Mr. Lawrence Scott" in the Opposition brief.[21]  Before ruling on the Motion to Remand, the Court issued a Show Cause Order on

---

[14] *Id.* at ¶ VIII.
[15] R. Doc. 1 at Introductory Paragraph and ¶ 6.
[16] *Id.* at ¶ 2 (*citing* R. Doc. 1-2).
[17] R. Doc. 1 at ¶¶ 4-5 (*citing* R. Docs. 1-3, 1-4, & 1-5).
[18] R. Doc. 1 at ¶ 1, n.1 & ¶ 8.
[19] R. Doc. 6.
[20] R. Doc. 8.
[21] *Id.* at p. 4

August 24, 2023, giving Plaintiffs until September 7, 2023 to file proof of service or show good cause, in writing, why "Scott Lawrence" should not be dismissed for failure to prosecute under Fed. R. Civ. P. 4(m).[22]  When Plaintiffs failed to respond to the Show Cause Order, the Court issued a Judgment on September 12, 2023, dismissing "Scott Lawrence" from the litigation without prejudice.[23]  Shortly thereafter, on September 26, 2023, the Court issued an Order and Reasons denying Plaintiffs' Motion to Remand, finding that it was untimely-filed.[24]

On November 10, 2023, Plaintiffs filed a Motion for Leave to File Amended Petition for Damages And/Or Amended Complaint, seeking to name EAN Holdings' insurance carrier, Empire, as a defendant.[25]  The Court held a telephone status conference with the parties on November 13, 2023, during which the Court granted the unopposed Motion For Leave.[26]  In compliance with the Court's Scheduling Order and in preparation for the status conference, counsel for EAN Holdings provided a status report to the Court, copying Plaintiffs' counsel.[27]  That status report, again, advised that Plaintiffs had named as defendant "'Scott Lawrence' who upon information and belief was actually Lawrence Scott."[28]  Amazingly, Plaintiffs, in a late-filed status report sent to the Court on November 9, 2023, acknowledged that the correctly named defendant was Lawrence Scott and that he was referenced as "Scott

---

[22] R. Doc. 9.
[23] R. Doc. 10.
[24] R. Doc. 12 at p. 5.
[25] R. Doc. 19; R. Doc. 19-1 at p. 1.
[26] R. Doc. 21.
[27] *See*, Exhibit A, attached hereto.
[28] *Id*. at p. 1.

Lawrence" in Plaintiffs' original Petition.[29]  During that status conference, the Court noted that Plaintiffs' proposed First Supplemental and Amended Petition for Damages and/or Complaint [30] was not a comprehensive pleading and, instead, referred to deletions, substitutions and/or additions to the original Petition for Damages.  At the request of Plaintiffs' counsel, the Court gave Plaintiffs until November 17, 2023 to file a comprehensive amended pleading into the record.[31]  During that conference, counsel for Plaintiffs represented to the Court that Plaintiffs would likely dismiss EAN Holdings from the case once its insurance carrier was added as a defendant.

When Plaintiffs failed to file an amended pleading by November 17, 2023, EAN Holdings filed a Motion for Involuntary Dismissal on November 21, 2023, seeking a dismissal of Plaintiffs' claims with prejudice for Plaintiffs' failure to comply with the Court's November 13, 2023 Order.[32]  A week later, and a week past the deadline imposed by the Court, on November 28, 2023, Plaintiffs filed an Amended Petition For Damages And/or Amended Complaint (hereafter "Amended Complaint"), incorrectly naming as defendants, again, "Scott Lawrence," EAN Holdings, Progressive, and Empire Fire and Marine Insurance Company ("Empire"). [33] Plaintiffs filed an Opposition to the Motion for Involuntary Dismissal on December

---

[29] *See,* Exhibit B, attached hereto.  The Court further notes that Plaintiffs even changed the caption on their status report to reflect "Lawrence Scott" as the named defendant.  *Id.* at p. 1.
[30] R. Doc. 19-1.
[31] R. Doc. 21.
[32] R. Doc. 23.
[33] R. Doc. 24.

3, 2023,[34] and EAN Holdings filed a Reply on December 11, 2023.[35]  On February 28, 2024, the Court issued an Order and Reasons, denying the Motion for Involuntary Dismissal for the reasons set forth in Plaintiffs' Opposition brief.[36]

On February 28, 2024, the Court also issued a Show Cause Order, requiring Plaintiffs to appear and show cause on Friday, March 1, 2024 as to why sanctions should not issue for Plaintiffs' failure to comply with the Court's November 13, 2023 Order, which necessitated EAN Holdings' Motion for Involuntary Dismissal. [37] During the show cause hearing, the Court recited the procedural background of the case and explained that the Show Cause Order was issued to address Plaintiffs' counsel's repeated failures to comply with Court deadlines.[38]  The Court heard from counsel for EAN Holdings, who advised the Court that Plaintiffs had not yet served three of the defendants with a copy of their Amended Complaint, and how that might impact EAN Holdings' dismissal from the suit. [39]  The Court then questioned Plaintiffs' counsel regarding the failure to serve the other three named defendants in this matter, "Scott Lawrence," Progressive, and Empire, and counsel's prior representation to the Court that Plaintiffs would likely dismiss EAN Holdings from the case.[40]  After advising counsel that the Court would be issuing another show cause order, requiring Plaintiffs to show cause why "Scott Lawrence," Progressive, and Empire should not be dismissed for failure to prosecute under Fed. R. Civ. P.

---

[34] R. Doc. 25.
[35] R. Doc. 29.
[36] R. Doc. 30.
[37] R. Doc. 31.
[38] R. Doc. 33 at p. 1.
[39] *Id*.
[40] *Id*.

4(m), the Court continued the Show Cause Hearing until Monday, March 11, 2024, and ordered that Daryl A. Gray, lead counsel for Plaintiffs, who had not appeared for the hearing, be present.[41]

Further, on March 1, 2024, the Court issued a Show Cause Order, giving Plaintiffs until March 8, 2024 to file proof of service into the record or show good cause, in writing, why the defendants, "Scott Lawrence," as named by Plaintiffs, Progressive, and Empire, should not be dismissed for failure to prosecute under Rule 4(m).[42]  On March 8, 2024, counsel for Plaintiffs filed two Affidavits of Service into the record, purportedly showing that Lawrence Scott and Empire were served with a copy of the Amended Complaint via USPS Certified Mail on March 8, 2024.[43]  The Court notes that both the request for summons and the Affidavit of Service refer to the defendant as "Lawrence Scott,"[44] but the Court-issued summons is directed to "Scott Lawrence."[45]  Plaintiffs also filed a Response to Order to Show Cause, requesting additional time to serve their original Petition for Damages and Amended Complaint on Lawrence Scott and Empire.[46]  Plaintiffs further asserted that dismissal was not warranted because "Plaintiffs are currently less than two weeks outside of the 90-day time period provided by Fed. R. Civ. Pro. 4(m)."[47]

The Court held another Show Cause Hearing on March 11, 2024, during which the Court determined that sanctions were appropriate under Local Rule 83.2.9, and

---

[41] *Id*. at pp. 1-2.
[42] R. Doc. 34.
[43] R. Docs. 41 & 42.
[44] R. Docs. 37 & 41.
[45] R. Doc. 39.
[46] R. Doc. 43.
[47] *Id*. at p. 3.

the Court imposed sanctions against Plaintiffs' counsel in the amount of $500.00.[48]
The Court also discussed with counsel the continued delay caused by Plaintiffs'
failure to serve the defendants named in the Amended Complaint, Plaintiffs' failure
to correctly name Lawrence Scott as a defendant, and Plaintiffs' failure to voluntarily
dismiss EAN Holdings from the litigation after advising the Court and opposing
counsel that they would do so.[49]

On the following day, March 12, 2024, Plaintiffs filed a Motion to Dismiss EAN
Holdings[50] and a Motion to Dismiss Progressive,[51] both of which were granted.[52]
Empire and "Scott Lawrence" subsequently filed the instant Motions to Dismiss on
March 28, 2024.[53]

### A. Defendants' Motion to Dismiss Pursuant to Rule 12(b)(4) and Rule 12(b)(5) With Motion to Strike Docs. 41 and 42

In the first Motion to Dismiss, Empire and "Scott Lawrence" (collectively,
"Defendants"), seek dismissal with prejudice of all claims asserted against them
based upon insufficient process under Fed. R. Civ. P. 12(b)(4) and insufficient service
of process under Fed. R. Civ. P. 12(b)(5).[54]  Specifically, Defendants are challenging
the form of service of process and the mode of delivery.[55]  Defendants assert that
dismissal with prejudice is appropriate because Plaintiffs' failure to timely act has

---

[48] R. Doc. 44.
[49] *Id*. at p. 1.
[50] R. Doc. 45.
[51] R. Doc. 46.
[52] R. Doc. 47.
[53] R. Docs. 48 & 49.
[54] R. Doc. 48.
[55] R. Doc. 48-1 at p. 5.

been egregious in this matter.[56]  Defendants contend that Rule 12(b)(4) is the proper basis for challenging a summons and complaint that do not properly name the party on whom the summons and complaint were served.[57]  According to Defendants, Plaintiffs' counsel claims in an Affidavit of Service that she served Lawrence Scott by certified mail,[58] but the Amended Complaint[59] misidentifies the defendant as "Scott Lawrence" and the summons that was signed, sealed, and issued by the Clerk of Court is directed to "Scott Lawrence," the name listed by Plaintiffs in their Amended Complaint.[60]  Defendants point out that Plaintiffs were notified, through the Notice of Removal filed in May 2023, that they had not correctly identified the driver of EAN Holdings' vehicle, and further assert that Plaintiffs knew the correct name even earlier from the traffic crash report issued as a result of the underlying car accident.[61]  As noted above, Plaintiffs acknowledged in their status report to the Court on November 9, 2023 that they were aware that the driver's correct name was Lawrence Scott.[62]  Defendants claim that it is unclear from the Affidavit of Service whether Plaintiffs attempted to serve Lawrence Scott with the summons submitted by Plaintiffs, directed to "Lawrence Scott,"[63] or with the summons issued by the Court, directed to "Scott Lawrence."[64]  Defendants argue that, under either scenario, service

---

[56] R. Doc. 48 at p. 2; R. Doc. 48-1 at p. 2.
[57] R. Doc. 48-1 at p. 6 (quoting *Piranha Rentals, LLC v. Latkin*, Civ. A. No. 15-6893, 2016 WL 8711679, at *1 (E.D. La. Feb. 19, 2016) (Africk, J.)) (internal quotation marks omitted).
[58] R. Doc. 41.
[59] R. Doc. 24.
[60] R. Doc. 48-1 at pp. 6-7 (*citing* R. Doc. 39-1).
[61] R. Doc. 48-1 at pp. 6-7 (*citing* R. Docs. 1 & 48-3).
[62] *See*, Exhibit B, attached hereto.
[63] R. Doc. 37.
[64] R. Doc. 39-1.

of process was insufficient under Rule 12(b)(4) because the summons submitted by Plaintiffs and the summons issued by the Court were both defective under Rule 4(a)(1)(B).[65]  As such, Defendants move to strike Plaintiffs' Affidavit of Service as to Lawrence Scott as vague, ambiguous, and insufficient.[66]

Defendants likewise assert that the Affidavit of Service regarding Empire is vague and ambiguous because it fails to identify the documents that were served upon Empire.[67]  Specifically, Defendants contend that the Affidavit of Service merely states that "a copy of the complaint and summons" was served on Empire, but there is no pleading in the record designated as a "complaint."[68]  Defendants assert that fundamental fairness dictates that Empire should have been served with a copy of the original Petition for Damages and the Amended Complaint, and that the vagueness and ambiguity of the Affidavit of Service leaves the record silent as to the process allegedly served on Empire, rendering the affidavit defective.[69]  As such, Defendants ask the Court to strike the Affidavit of Service as to Empire.[70]

Defendants further assert that Plaintiffs' claims should be dismissed pursuant to Fed. R. Civ. P. 12(b)(5) for failure to serve them in the appropriate manner.[71]  Specifically, Defendants challenge the mode of delivery of the summons and complaint.[72] Defendants argue that although the two Affidavits of Service[73] purport

---

[65] R. Doc. 48-1 at pp. 7-8.
[66] *Id.* (*citing* R. Doc. 41).
[67] R. Doc. 48-1 at p. 8 (*citing* R. Doc. 42).
[68] R. Doc. 48-1 at p. 8.
[69] *Id.*
[70] *Id.* at p. 12.
[71] *Id.* at p. 9.
[72] *Id.* at pp. 9-10.
[73] R. Docs. 41 & 42.

to prove service on Defendants as of March 8, 2024, they misrely on the "mailbox rule," set forth in Fed. R. Civ. P. 5(b)(2)(C), which only applies after service of the original complaint per Rule 5(a)(1).[74]  Defendants point to Fed. R. Civ. P. 4(c)(2) and (3), which specify that service must be made by a non-party over 18 or the Marshal or an appointed process server unless the party waives service pursuant to Rule 4(d), and further assert that Plaintiffs have not mentioned that they sought or obtained a waiver.[75]

With leave of Court, Empire filed a Supplemental Motion to Dismiss, which was filed in response to Plaintiffs filing a second Affidavit of Service as to Empire on April 16, 2024.[76]  Defendants claim that the second Affidavit of Service, like the first, states that Plaintiffs attempted to serve Empire by certified mail, which remains an incorrect method of service, as set forth in the original Motion to Dismiss.[77]  As such, Defendants ask the Court to strike the second Affidavit of Service as to Empire.[78]

Plaintiffs assert that the Motion to Dismiss should be denied because they have acted in good faith in attempting to serve the Defendants.[79]  Plaintiffs claim that, when faced with a Rule 12(b)(4) or 12(b)(5) motion to dismiss, the Court must undertake a two-part inquiry, first asking whether the plaintiff has shown good cause

---

[74] R. Doc. 48-1 at pp. 9-10.

[75] *Id.* at p. 10.

[76] R. Doc. 65 at p. 1 (*citing* R. Doc. 59).

[77] R. Doc. 65 at p. 1.

[78] *Id.* at p. 2; R. Doc. 65-1 at p. 1.  The Court notes that Defendants explicitly state that their Memorandum in Support of the Supplemental Motion to Dismiss "quotes and copies the substance set forth in Document 48-1 but adds the details regarding Empire's objections to Document 59." R. Doc. 65-1 at pp. 1-2.  Record Document 59 is the second Affidavit of Service.

[79] R. Doc. 72.

for failure to timely serve the defendants.[80]  If the plaintiff has established good cause, the court must extend the time for service for an appropriate period.[81]  If the plaintiff fails to establish good cause, the Court must either dismiss the action without prejudice against that defendant or order that service be made within a specified time.[82]

Plaintiffs claim that Lawrence Scott is actively evading service and that such behavior should not be rewarded by dismissing their claims with prejudice.[83] Plaintiffs provide no documentation or evidence to support that claim.  Plaintiffs further assert that Empire was successfully served as of April 15, 2024 via USPS Certified Mail, and that the second Affidavit of Service addresses the issues of vagueness and ambiguity raised in Defendants' Motion.[84]  Plaintiffs claim that they retained the services of an individual qualified to make service of process under Fed. R. Civ. P. 4, who hand-delivered the summons issued to Empire, along with the Notice of Removal, the Amended Complaint, and the original Petition for Damages.[85]  Since service has been perfected on Empire, Plaintiffs ask the Court to allow for the additional time taken to serve the Defendants and to deny the Motion to Dismiss.[86] Plaintiffs further assert that dismissal of their claims, especially with prejudice, is a harsh remedy and not appropriate here because Plaintiffs have not demonstrated "a

---

[80] R. Doc. 72 at pp. 6-7 (*quoting* Fed. R. Civ. P. 4(m)) (internal quotation marks omitted).
[81] R. Doc. 72 at p. 7 (*quoting* Fed. R. Civ. P. 4(m)) (internal quotation marks omitted).
[82] R. Doc. 72 at p. 7 (*quoting* Fed. R. Civ. P. 4(m)) (internal quotation marks omitted).
[83] R. Doc. 72 at pp. 8-9.  *See*, *Id*. at pp. 4-6.
[84] *Id*. at p. 9.
[85] *Id*. (*citing* R. Doc. 71).
[86] R. Doc. 72 at p. 9.

clear record of delay or contumacious conduct."[87]   Plaintiffs further assert that Defendants have not been prejudiced by the delay in service, since they have been aware of the case since the onset of the litigation.[88]

In response, Defendants assert that since the date of filing their Motion to Dismiss, Plaintiffs have filed a Motion for Leave to File Second Amended Complaint to name Lawrence Scott as a defendant and a third Affidavit of Service as to Empire, both of which show that Plaintiffs committed errors in process and in service by failing to properly serve the Defendants.[89]   Defendants further contest several positions taken by the Plaintiffs in their Opposition brief, including that Defendants have been aware of the litigation since its onset and that the Defendants will not be prejudiced by the delay in service.[90]   Defendants maintain that the Court should grant their Motion to Dismiss.

## B. Defendants' Motion to Dismiss Pursuant to Rule 4(m)

In their Motion to Dismiss Pursuant to Rule 4(m), Defendants seek a dismissal with prejudice of Plaintiffs' claims for Plaintiffs' failure to timely serve them within 90 days of filing the Second Amended Complaint on November 28, 2023, as required by Fed. R. Civ. P. 4(m).[91]   Defendants again claim that dismissal with prejudice is warranted because Plaintiffs' failure to timely act has been egregious and Plaintiffs have never sought an extension or shown good cause for their untimeliness.[92]   After

---

[87] *Id.* at p. 10 (quoting *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 326 (5th Cir. 2008)) (internal quotation marks omitted).
[88] R. Doc. 72 at pp. 10-11.
[89] R. Doc. 76 at pp. 1-2 (*citing* R. Docs. 68 & 71).
[90] R. Doc. 76 at pp. 2-8.
[91] R. Doc. 49.
[92] *Id.* at p. 2; R. Doc. 49-1 at pp. 1-2.

setting forth a timeline of events in this case, including the February 26, 2024 deadline for service,[93] Defendants repeat the same arguments as those set forth in their other pending Motion to Dismiss to support dismissal.[94]  To further support their request for dismissal with prejudice, Defendants cite *Epley v. Luong*, a recent Fifth Circuit decision wherein the court held that, "A delay warranting dismissal with prejudice must be 'longer than just a few months' and must 'be characterized by significant periods of total inactivity.'"[95]  Defendants contend that Plaintiffs' failure to serve "Scott Lawrence" for almost two years and the "total lack of activity as to Empire for more than two years" suffice as a "significant" period of inactivity.[96] Defendants also rely on two cases cited in *Epley*, where the Fifth Circuit previously affirmed the dismissal of complaints filed by *pro se* plaintiffs for lengthy delays in service.[97]  Defendants maintain that Plaintiffs have repeatedly failed to act in this case and have failed to show good cause for their failure to timely serve the Defendants, which warrant a dismissal with prejudice.

With leave of court,[98] Empire filed a Supplemental Motion to Dismiss Pursuant to Rule 4(m), in response to the second Affidavit of Service filed by Plaintiffs on April 16, 2024, purportedly documenting service on Empire by certified mail on March 28, 2024.[99]  Adopting by reference the law and arguments made in their Motion to

---

[93] R. Doc. 49-1 at pp. 4-6.
[94] *Id.* at pp. 6-7.
[95] *Id.* at p. 8 (quoting *Epley*, Case No. 23-40038, 2023 WL 8595674, at *2 (5th Cir. Dec. 12, 2023)) (internal quotation marks omitted).
[96] R. Doc. 49-1 at p. 8.
[97] *Id.* at pp. 8-9 (citing *Thrasher v. City of Amarillo*, 709 F.3d 509 (5th Cir. 2013); *Rochon v. Dawson*, 828 F.2d 1107 (5th Cir. 1987)).
[98] R. Doc. 64.
[99] R. Doc. 66 (*citing* R. Doc. 59).

Dismiss Pursuant to Rules 12(b)(4) and 12(b)(5), Empire maintains that it has not been properly served by the Plaintiffs via certified mail and that this matter should be dismissed with prejudice for failure to timely serve the Defendants.[100]

Plaintiffs oppose the Motion, asserting that dismissal is not appropriate here because Empire has been successfully served via USPS Certified Mail as of April 15, 2024 and because Lawrence Scott is actively evading service.[101]   Relying upon *Gates v. Volkswagen Group Of America, Chattanooga Operations LLC*, Plaintiffs assert that dismissal is not warranted here, where service on Empire was delayed by only two months.[102]   Plaintiffs further assert that dismissal with prejudice is not appropriate in this case because they have rectified any deficiencies by successfully serving Empire and continuing their attempt to serve Lawrence Scott.[103]   Plaintiffs assert that neither defendant is prejudiced by the delay in service because they have been on notice from the onset of this litigation, and the record does not show a "clear record of delay."[104]   Plaintiffs assert that the service delay in this matter does not justify the extreme sanction of dismissal of Plaintiffs' claims with prejudice.[105]

In response, Defendants maintain that Plaintiffs' claims should be dismissed with prejudice for failure to timely serve them under Rule 4(m).[106]   Defendants contend that the pending Motion for Leave to File Second Amended Complaint and

---

[100] R. Doc. 66-1 at pp. 2-6 (*citing* R. Doc. 48).

[101] R. Doc. 72 at pp. 6-9.

[102] *Id*. at pp. 7-9 (citing *Gates,* Civ. A. No. 22-1727, 2023 WL 156875, at *1-2 (E.D. La. Jan. 11, 2023) (Morgan, J.)).

[103] R. Doc. 72 at p. 11.

[104] *Id*. (quoting *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 326 (5th Cir. 2008)) (internal quotation marks omitted).

[105] R. Doc. 72 at p. 11.

[106] R. Doc. 76.

Plaintiff's third Affidavit of Service as to Empire, both filed after Defendants filed the instant Motion to Dismiss, demonstrate that Plaintiffs' efforts to serve them are outside of the 90-day deadline set forth in Rule 4(m).[107]

## II.   LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(4), an action may be dismissed for "insufficient process."[108]  As explained by another Section of this Court, "A challenge under Rule 12(b)(4) attacks the form of the process rather than how process was served."[109]  In contrast, Fed. R. Civ. P. 12(b)(5) provides for the dismissal of an action for "insufficient service of process."[110]  "A Rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery, the lack of delivery, or the timeliness of delivery of the summons and complaint."[111]  "In making such a determination, the court 'must look outside the complaint' to determine what steps, if any, the plaintiff took to effect service."[112]  Unlike Rule 12(b)(4), Rule 12(b)(5) provides for "dismissal of a claim if service of process was not timely made in accordance with Federal Rule of Civil Procedure 4 or was not properly served in the appropriate manner."[113]  "When service of process is challenged, the serving party

---

[107] *Id*. at pp. 1-2 (*citing* R. Docs. 68 & 71).

[108] Fed. R. Civ. P. 12(b)(4).

[109] *Gates v. Volkswagen Group of America, Chattanooga Operations LLC,* Civ. A. No. 22-1727, 2023 WL 156875, at *1 (E.D. La. Jan. 11, 2023) (quoting *Yarbrough v. Swift*, Civ. A. No. 18-10093, 2019 WL 2027173, at *3 (E.D. La. May 4, 2019) (Brown, C.J.)) (internal quotation marks omitted).

[110] Fed. R. Civ. P. 12(b)(5).

[111] 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 1353 (3d ed.) (citing authority).

[112] *Morris v. Liberty Mut. Ins. Co.,* Civ. A. No. 08-4247, 2009 WL 1941203, at *1 (E.D. La. July 7, 2009) (Berrigan, J.) (quoting *Dominion Expl. & Prod., Inc. v. Delmar Sys., Inc.,* Civ. A. No. 07-9492, 2008 WL 4809453 (E.D. La. Nov. 3, 2008) (Berrigan, J.)).

[113] *Gates*, Civ. A. No. 22-1727, 2023 WL 156875 at *1 (quoting *Yarbrough*, Civ. A. No. 18-10093, 2019 WL 2027173 at *3) (internal quotation marks omitted).

bears the burden of proving its validity or good cause for failure to effect timely service."[114]  Further, "In the absence of valid service of process, proceedings against a party are void."[115]

Federal Rule of Civil Procedure 4(m) governs service of process and provides, in pertinent part:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.[116]

Thus, a court faced with a Rule 12(b)(4) or 12(b)(5) motion to dismiss for failure to timely serve must undertake a two-part inquiry under Rule 4(m).[117]  "First, the Court must determine whether the plaintiff can show 'good cause' for its failure to timely serve."[118]  The Fifth Circuit has held that, "To establish good cause, a litigant must demonstrate 'at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice.'"[119]  In other words, "the claimant must make a showing of good faith and establish 'some reasonable basis for noncompliance within the time specified.'"[120]

---

[114] *Sys. Signs Supplies v. U.S. Dept. of Justice, Washington, D.C.*, 903 F.2d 1011, 1013 (5th Cir. 1990) (citing authority).
[115] *Gates*, Civ. A. No. 22-1727, 2023 WL 156875 at *1 (quoting *Aetna Bus. Credit, Inc. v. Universal Décor & Interior Design*, 635 F.2d 434, 435 (5th Cir. 1981)) (internal quotation marks omitted).
[116] Fed. R. Civ. P. 4(m).
[117] *Gates*, Civ. A. No. 22-1727, 2023 WL 156875 at *1 (citing *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996)).
[118] *Gates*, Civ. A. No. 22-1727, 2023 WL 156875 at *1 (citing *Thompson*, 91 F.3d at 21).
[119] *Sys. Signs*, 903 F.2d at 1013 (quoting *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985)).
[120] *Sys. Signs*, 903 F.2d at 1013 (quoting *Winters*, 776 F.2d at 1306) (internal quotation marks omitted).

If good cause exists, "the district court *must* extend time for service."[121]  If, however, good cause does not exist, "the court *may*, in its discretion, decide whether to dismiss the case without prejudice or extend time for service."[122]  District courts have broad discretion in the context of Rule 12(b)(4) and 12(b)(5) motions,[123] and "in determining whether to dismiss an action for ineffective service of process."[124]

## III.   ANALYSIS

### A. Dismissal as to Empire Fire and Marine Insurance Company

As in the *Gates* case, cited by both parties in their briefs,[125] this Court need not address whether Plaintiffs have demonstrated "good cause" for their failure to properly serve Empire within the 90-day window provided by Fed. R. Civ. P. 4(m).[126] Even assuming, for the sake of argument, that "good cause" did not exist for the untimely service, the Court has broad discretion to determine whether dismissal for failure to timely serve is warranted or whether to extend the time for service.  When Plaintiffs filed their Amended Complaint in this Court on November 28, 2023,[127] they had 90 days, or until February 26, 2024, to serve Defendants under Rule 4(m). Plaintiffs failed to timely serve Defendants within that timeline.[128]  Plaintiffs, however, perfected service on Empire on April 18, 2024, as evidenced by the Affidavit

---

[121] *Thompson*, 91 F.3d at 21 (emphasis in original).

[122] *Id.* (citing *Petrucelli v. Bohringer and Ratzinger*, 46 F.3d 1298, 1305-06 (3d Cir. 1995)).

[123] *Henderson v. Republic of Texas*, 672 Fed.Appx. 383, 384 (5th Cir. 2016).

[124] *George v. U.S. Dept. of Labor, Occupational Safety & Health Admin.*, 788 F.2d 1115, 1116 (5th Cir. 1986).

[125] *See*, R. Doc. 48-1 at pp. 5-6 & 9; R. Doc. 49-1 at p. 6; R. Doc. 72 at pp. 7-8.

[126] *Gates v. Volkswagen Group of America, Chattanooga Operations LLC,* Civ. A. No. 22-1727, 2023 WL 156875, at *2 (E.D. La. Jan. 11, 2023).

[127] R. Doc. 24.

[128] R. Doc. 34.

of Service filed into the record on May 3, 2024.[129]  Defendants do not challenge the Affidavit of Service or argue that Empire was not properly served on April 18, 2024. Instead, Defendants argue only that the Affidavit of Service "demonstrates that the plaintiffs' efforts are outside the 90-day deadline."[130]  Because Empire has been served, albeit two months late, the Court finds that dismissal is not warranted based upon the repaired defect in service.[131]  While the Court does not condone the actions of Plaintiffs' counsel in failing to timely and properly serve Empire, the Court finds that Plaintiffs themselves did not cause the delay in service and Empire will not be prejudiced in any meaningful way by allowing this late service to stand.[132]  As such, both Motions to Dismiss are denied to the extent that they seek the dismissal with prejudice of Plaintiffs' claims against Empire.

### B. Dismissal as to "Scott Lawrence"

Turning to "Scott Lawrence," the Court agrees with Defendants that Plaintiffs have failed to demonstrate good cause for their failure to timely serve him in this matter.  Since at least May 23, 2023, when the Notice of Removal was filed, Plaintiffs have been on notice that the defendant they identified as "Scott Lawrence" is actually named Lawrence Scott.[133]  Further, Defendants have produced a copy of the traffic crash report from the underlying car accident, which lists the driver of the vehicle as

---

[129] R. Doc. 71.
[130] R. Doc. 76 at p. 4.
[131] *Gates,* Civ. A. No. 22-1727, 2023 WL 156875 at *2 (citing *Cockerham v. Rose*, Civ. A. No. 3:11-CV-277-B, 2011 WL 1515159, at *2 (N.D. Tex. Apr. 18, 2011) (Boyle, J.)).
[132] *Gates,* Civ. A. No. 22-1727, 2023 WL 156875 at *2 (citing *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 326-27 (5th Cir. 2008)).
[133] R. Doc. 1 at ¶ 1, n.1 & ¶ 8.

"Scott, Lawrence V."[134]   These documents contradict Plaintiffs' contention that Lawrence Scott's name "inadvertently was transposed as 'Scott Lawrence,'" repeatedly, in the two years since Plaintiffs filed their original Petition on June 8, 2022.[135]  Even if the error was inadvertent, the Fifth Circuit has made clear that "simple inadvertence or mistake of counsel" does not suffice to establish good cause.[136] Plaintiffs do not dispute that they have been aware of the driver's correct name since at least September 2023, over six months before Plaintiffs even requested a summons for the incorrectly-named "Scott Lawrence."[137]

Having found that good cause does not exist for Plaintiffs' failure to timely serve "Scott Lawrence" in this matter, Fifth Circuit precedent dictates that this Court can either dismiss without prejudice Plaintiffs' claims against "Scott Lawrence" or extend the time for service.  The Court finds that granting Plaintiffs additional time to serve "Scott Lawrence," the named defendant in this case, is not appropriate.  It is evident, from the Notice of Removal, the status reports, the discovery responses, the Motions to Dismiss, the Opposition briefs thereto, and Plaintiffs' pending Motion for Leave to File Second Amended Complaint[138] that the correct name of the alleged tortfeasor in this matter is Lawrence Scott, not "Scott Lawrence."  Thus, granting

---

[134] R. Doc. 48-3 at p. 2.  While there is no information before the Court regarding when Plaintiffs obtained a copy of the report, the bottom of each page of the report indicates that it was printed on Monday, December 6, 2021.

[135] R. Doc. 72 at p. 1, n.1 & p. 2.

[136] *Sys. Signs Supplies v. U.S. Dept. of Justice, Washington, D.C.*, 903 F.2d 1011, 1013 (5th Cir. 1990) (quoting *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985)).

[137] *See*, R. Docs. 48-2 & 49-2 (EAN Holdings, LLC's Responses to Interrogatories and Requests for Production of Documents, wherein EAN Holdings answers Interrogatory No. 4 by stating, in pertinent part, "upon information and belief, the defendant driver's name is Lawrence Scott, who last known address was . . ., last known phone number was . . .  and driver's license number was . . . 556").

[138] R. Doc. 68.

Plaintiffs additional time to serve the incorrectly named "Scott Lawrence" will not advance the litigation, and instead will further delay this matter. Although "Scott Lawrence" has already been dismissed without prejudice once from this litigation for Plaintiffs' failure to timely serve him,[139] the Court remains convinced that dismissal without prejudice is the most equitable remedy under Fed. R. Civ. P. 4(m) for Plaintiffs' repeated failure to timely serve "Scott Lawrence."

To the extent Defendants seek a dismissal with prejudice of Plaintiffs' claims against Empire and "Scott Lawrence," the Court finds that such a harsh remedy is not warranted in this case. As Plaintiffs point out, the Fifth Circuit has made clear that a dismissal with prejudice requires "a clear record of delay or contumacious conduct by the plaintiff."[140] The Fifth Circuit has also held that, "A delay warranting dismissal with prejudice must be 'longer than just a few months' and must 'be characterized by significant periods of total inactivity.'"[141] Additionally, the Fifth Circuit has affirmed dismissals with prejudice only after finding one of the following three aggravating factors: (1) delay caused by the plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct.[142]

Applying those principles to the facts of this case, the Court finds that Plaintiffs' delay in serving Empire was a mere two months, hardly sufficient to

---

[139] R. Docs. 9 & 10.
[140] *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 326 (5th Cir. 2008) (citing authority).
[141] *Epley v. Luong*, Case No. 23-40038, 2023 WL 8595674, at *2 (5th Cir. 2023) (quoting *Thrasher v. City of Amarillo*, 709 F.3d 509, 513 (5th Cir. 2013)).
[142] *Thrasher*, 709 F.3d at 514 (quoting *Millan*, 546 F.3d at 326) (internal quotation marks omitted).

constitute "a clear record of delay or contumacious conduct."[143]  While it is a closer

call as to "Scott Lawrence," whose correct name Plaintiffs' counsel should have been

aware of since at least May 23, 2023, and  clearly was aware from discovery responses

received in September 2023 advising, again, of the driver's correct name,[144] the Court

finds that a dismissal with prejudice will not serve to advance this litigation, since

"Scott Lawrence" is not the correct name of the alleged tortfeasor in this case.  The

Court recognizes that it has taken Plaintiffs' counsel almost two years to seek leave

to properly name Lawrence Scott as a defendant in this matter,[145] but Defendants

have failed to show that Plaintiffs caused this delay or that the delay was caused by

intentional conduct rather than counsel's carelessness.  While Defendants assert that

"Scott Lawrence" has been prejudiced by the delay in service,[146] the Court finds that

because "Scott Lawrence" is not the correct name of the alleged tortfeasor in this case,

"Scott Lawrence" has suffered no prejudice from Plaintiffs' failure to timely serve him

with this litigation.[147]  Accordingly, the Court denies Defendants' request to dismiss

with prejudice Plaintiffs' claims against "Scott Lawrence."  The Court, exercising its

broad discretion, finds that the proper remedy under Fed. R. Civ. P. 4(m) is to dismiss

without prejudice Plaintiffs' claims against "Scott Lawrence."

---

[143] *Epley v. Luong*, Case No. 23-40038, 2023 WL 8595674, at *2 (5th Cir. Dec. 12, 2023) (quotation and internal quotation marks omitted).

[144] R. Docs. 48-2 & 49-2.

[145] R. Doc. 68.

[146] R. Doc. 76 at pp. 7-8 (*citing* R. Doc. 77).

[147] This Order does not, nor is it intended to, address any prejudice to the driver of the vehicle, Lawrence Scott.  The Court will address any prejudice allegedly suffered by Lawrence Scott in the context of Plaintiffs' Motion for Leave to File Second Amended Complaint (R. Doc. 68), wherein Plaintiffs seek to amend their Amended Complaint to name Lawrence Scott as a defendant.

## IV.    CONCLUSION

**IT IS HEREBY ORDERED** that the Motion to Dismiss Pursuant to Rule 12(b)(4) and Rule 12(b)(5) With Motion to Strike Docs. 41 & 42[148] and the Motion to Dismiss Pursuant to Rule 4(m),[149] both filed by "Scott Lawrence" and Empire Fire and Marine Insurance Company, are **GRANTED in part, as modified, and DENIED in part.** To the extent that Defendants seek to dismiss with prejudice Plaintiffs' claims against them under Fed. R. Civ. P. 4(m) and *Epley v. Luong*,[150] the Motions are **DENIED.** The Motions are also **DENIED** to the extent that the Defendants seek to strike Record Documents 41 and 42 from the record. However, to the extent Defendants seek to dismiss Plaintiffs' claims against "Scott Lawrence," the Motions are **GRANTED, as modified,** and Plaintiffs' claims against "Scott Lawrence" are hereby **DISMISSED WITHOUT PREJUDICE.**

New Orleans, Louisiana, July 3, 2024.

**WENDY B. VITTER**
**United States District Judge**

---

[148] R. Doc. 48.
[149] R. Doc. 49.
[150] Case No. 23-40038, 2023 WL 8565674 (5th Cir. Dec. 12, 2023).

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RICARDO YOUNG, JAMILAH YOUNG AND RICO YOUNG | CIVIL ACTION NO.: 2:23-cv-01734 |
| VERSUS | JUDGE: WENDY B. VITTER |
| EAN HOLDINGS, LLC, d/b/a ENTERPRISE HOLDINGS, INC., ET AL. | MAGISTRATE: MICHAEL B. NORTH |

<u>STATUS REPORT</u>

Pursuant to the Scheduling Order issued by the Court (R. Doc. 15) and in accordance with the Notice of Preliminary Status Conference, Defendant, EAN Holdings, LLC (hereinafter "EAN"), submits the following status report:

**1.  A brief description of the basis for jurisdiction:**

This Court has jurisdiction over this matter on the basis of diversity, as Plaintiffs are all citizens of the State of Louisiana, as represented by Plaintiffs within their Petition for Damages. At the time of removal by EAN, there were two named defendants: 1) EAN, who is a Delaware limited liability company whose sole member, Enterprise Holdings, Inc., is a Missouri corporation with a principal place of business in St. Louis, Missouri, and 2) "Scott Lawrence" who upon information and belief was actually Lawrence Scott and who, within the Petition for Damages, was alleged to be a citizen of the State of Texas.  Progressive Paloverde Insurance Company had already been dismissed without prejudice from this matter at the time of removal.  Furthermore, the requisite amount in controversy is met, as Plaintiffs individually on April 24, 2023 filed Offers of Judgment in Civil District Court wherein they claimed that their damages were $200,000 each. The Court has previously denied Plaintiffs' Motion to Remand as untimely (R. Doc. 12).

EXHIBIT

A

**2.  A listing of any discovery done:**

On May 22, 2023, Plaintiffs each responded to Interrogatories and Requests for Production propounded by EAN.

On September 13, 2023, EAN responded to Interrogatories and Requests for Production of Documents propounded by Plaintiffs.

There is presently no outstanding written discovery to any party to this matter.  However, EAN contends that Plaintiffs' Initial Disclosures are incomplete in that Plaintiffs failed to provide a computation of damages and/or documentation on which the computations were based and further failed to provide copies of any documents whatsoever to EAN despite listing a host of documents in the possession of counsel for Plaintiffs.

**3.  A listing of any specialized discovery that may be involved in this matter; and**

EAN is not presently aware of any specialized discovery that may be involved in this matter which it would need to conduct for the reasons set forth below.  However, there may be need for independent medical examinations of Plaintiffs in the event that surgical intervention is claimed to be necessary to treat any alleged injuries sustained in the subject accident.

**4.  Whether or not this matter should be fast-tracked for settlement.**

This matter should not be fast-tracked for settlement, as EAN contends it has no liability in this matter.  EAN's sole involvement in the subject accident was that it owned the rental vehicle operated by Lawrence Scott.  EAN further represents that a Motion for Summary Judgment will be prepared to that effect in the event that Plaintiffs do not dismiss EAN voluntarily.

Respectfully submitted on November 6, 2023.

SALLEY, HITE, MERCER & RESOR, LLC

*/s/ Jordan T. Lacoste*
**DAVID P. SALLEY (#19770)**
**A. JACOB CULOTTA, JR. (#26856)**
**JORDAN T. LACOSTE (#39948)**
365 Canal Street, Suite 1710
New Orleans, Louisiana 70130
Tel:  504.566.8800
Fax:  504.566.8828
Email: dsalley@shmrlaw.com
           jculotta@shmrlaw.com
           jlacoste@shmrlaw.com
*Attorneys for EAN Holdings, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that, on the 6th day of November, 2023, I have transmitted the foregoing via e-mail to counsel for all parties in this matter.

*/s/ Jordan T. Lacoste*
JORDAN T. LACOSTE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| RICARDO YOUNG, JAMILAH | * | CIVIL ACTION NUMBER: 23-01734 |
| YOUNG, AND RICO YOUNG | * | |
| | * | |
| VERSUS | * | DISTRICT JUDGE: |
| | * | WENDY B. VITTER |
| | * | |
| EAN HOLDINGS, LLC d/b/a | * | MAGISTRATE JUDGE: |
| ENTERPRISE HOLDINGS, INC., | * | MICHAEL B. NORTH |
| LAWRENCE SCOTT, and | * | |
| PROGRESSIVE PALVERDE | * | |
| INSURANCE COMPANY | * | |

*************************************************************************

**PLAINTIFFS' STATUS REPORT**

**NOW INTO COURT**, through undersigned counsel, comes the Plaintiffs Ricardo Young, Jamilah Young, and Rico Young, and pursuant to this Honorable Court's Scheduling Order, reports the following:

**I.   A BRIEF DESCRIPTION OF THE BASIS FOR JURISDICTION.**

This matter was removed to Federal Court on a basis of diversity jurisdiction. Plaintiffs are also citizens of Louisiana. Defendant EAN Holdings, LLC d/b/a Enterprise Holdings, Inc., is domiciled in Missouri with a principal place of business in St. Louis, Missouri. Lawrence Scott (referenced as "Scott Lawrence" in the Petition), upon information and belief, is a citizen of the State of Texas. Progressive Paloverde Insurance Company has been dismissed from this matter without prejudice. It is facially apparent from Plaintiffs' settlement demands submitted on October 31, 2022, and again on November 17, 2022, the amount in controversy exceeds $75,000.00.

**II.   A LISTING OF ANY DISCOVERY DONE.**

Plaintiffs, Ricardo Young, Jamilah Young, and Rico Young each responded to Interrogatories and Requests for Production propounded by EAN Holdings, LLC.



22, 2023.  All documents in Plaintiffs' possession that were listed in Plaintiffs' Initial Disclosures provided on November 3, 2023, were produced with the discovery.

Plaintiffs received discovery responses from EAN Holdings, LLC, on September 13, 2023.

There is currently no outstanding written discovery.  However, Plaintiffs' contends that EAN Holdings, LLC's discovery responses are incomplete as they failed to fully respond to several Interrogatories.  Plaintiffs intend to propound additional discovery as necessary and take deposition of the driver and other depositions as discovery continues and more evidence is unveiled.

## III.  A LISTING OF ANY SPECIALIZED DISCOVERY THAT MAY BE INVOLVED IN THIS MATTER.

Plaintiffs are not presently aware of any specialized discovery, but Plaintiffs may retain a biomechanical expert.

## IV.  WHETHER OR NOT THIS MATTER SHOULD BE FAST-TRACKED FOR SETTLEMENT.

Plaintiffs have submitted Offers of Judgments to EAN Holdings, LLC, but there have been no settlement discussions.  Plaintiffs are open to settlement discussions.

Respectfully submitted,

**WRIGHT GRAY LAW FIRM**


 *s/ Allison J. Johnson*_____
**ERIC A. WRIGHT, LA Bar No. 26149**
**ALLISON J. JOHNSON, LA Bar No. 36207**
201 St. Charles Avenue Suite 2710
New Orleans, LA 70170
Telephone: (504) 500-0000
Facsimile: (504) 324-0445
Eric@wrightgray.com
Allison@wrightgray.com

*ATTORNEYS FOR PLAINTIFFS*


**CERTIFICATE OF SERVICE**

I certify that, on the date set forth below, the foregoing document was filed electronically with the Clerk of Court using the CM/ECF system and that it will be available for viewing and downloading on the Court's CM/ECF system by the parties.  Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system on this 9th day of November, 2023.

*s/ Allison J. Johnson*_____
**ALLISON J. JOHNSON**