UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**RICARDO YOUNG, ET AL.**                                 **CIVIL ACTION**

**VERSUS**                                                                                                        **NO. 23-1734**

**EAN HOLDINGS, LLC, ET AL.**                         **SECTION: D (5)**

### ORDER AND REASONS

Before the Court is a Motion for Leave to File Second Amended Complaint, filed by Ricardo Young, Jamilah Young, and Rico Young (collectively, "Plaintiffs").[1] Empire Fire and Marine Insurance Company ("Empire") and "Scott Lawrence" (collectively, "Defendants") oppose the Motion.[2]

After careful consideration of the parties' memoranda and the applicable law, the Motion is **DENIED**.

### I. FACTUAL AND PROCEDURAL BACKGROUND[3]

In the instant Motion, Plaintiffs seek leave to amend their Amended Complaint to name Lawrence Scott as a defendant, asserting that they seek to "correct a clerical error" in their prior pleadings whereby the proposed party's named was inadvertently transposed as "Scott Lawrence."[4] Relying upon Fed. R. Civ. P. 15, Plaintiffs claim that justice requires that the Court grant their request to amend because they merely seek to correct an inadvertent error in misnaming one of the defendants.[5] According

---

[1] R. Doc. 68.
[2] R. Doc. 77.
[3] The facts and procedural history of this case were set forth in great detail in the Court's Order and Reasons addressing Defendants' two Motions to Dismiss (R. Doc. 80) and, for the sake of brevity, will not be repeated here.
[4] R. Doc. 68 at p. 1; R. Doc. 68-1 at p. 1.
[5] R. Doc. 68-1 at pp. 1 & 2-3.

to Plaintiffs, it is undisputed that Lawrence Scott was involved in and caused the accident with these Plaintiffs, and both Lawrence Scott and his insurer are aware that he was involved in the underlying accident.[6] Plaintiffs claim that their naming "Scott Lawrence" as a defendant in this case was genuine human error and not a deliberate attempt to mislead or confuse the parties or this Court.[7] Plaintiffs further assert that the requested amendment does not introduce any new causes of action or alter the existing claims, but merely seeks to correct a clerical oversight, which will not prejudice Lawrence Scott's ability to defend against their allegations.[8]

Defendants assert that the Motion should be denied because they will be materially prejudiced by the amendment.[9] Defendants claim that Plaintiffs have known the defendant's correct name since 2021, pointing to the Uniform Motor Vehicle Traffic Crash Report dated November 20, 2021, which lists the driver of the other vehicle in the underlying car accident as "Scott, Lawrence V."[10] Defendants also point out that the Notice of Removal filed on May 23, 2023 advised that the defendant's correct name is "Lawrence Scott,"[11] and that discovery responses provided to the Plaintiffs on September 13, 2023 likewise identified "Lawrence Scott" as the driver of the other vehicle.[12] Defendants claim that Plaintiffs took no action in response to this information, emphasizing that when Plaintiffs amended their state court petition on November 28, 2023, they again incorrectly named "Scott

---

[6] *Id.* at p. 3.
[7] *Id.*
[8] *Id.*
[9] R. Doc. 77 at pp. 1-2.
[10] *Id.* at p. 2 (*citing* R. Doc. 48-3).
[11] R. Doc. 77 at pp. 2-3 (*citing* R. Doc. 1).
[12] R. Doc. 77 at p. 3 (*citing* R. Doc. 48-2).

Lawrence" as a defendant.[13] Defendants assert that while a single instance of misnaming the defendant might be human error, perpetuating the error, as Plaintiffs did here, is egregious.[14] Defendants mention that as recently as March 15, 2024, Plaintiffs' counsel claimed, in an email correspondence with defense counsel, that Plaintiffs "still don't know Mr. Scott Lawrence [sic] actual name."[15] Relying upon a case from the Western District of Louisiana, Defendants assert that they have been prejudiced by Plaintiffs' failure to correctly identify Lawrence Scott as a defendant because Defendants did not receive notice of the action within the deadlines set forth under the law, namely the 90-day period for service set forth in Fed. R. Civ. P. 4(m).[16] Defendants also claim that at the time of the scheduling conference on May 2, 2024, they had not been provided any information about Plaintiffs' claims and had not been provided with a copy of any discovery exchanged between the parties prior to Plaintiffs' attempt to bring Empire and "Scott Lawrence" into the litigation.[17]

Defendants further assert that while Plaintiffs cite Fed. R. Civ. P. 15 in support of their Motion, they provided no analysis or jurisprudence to support their request for leave to amend and they failed to address Rule 15(c) regarding the relation back of amendments.[18] Defendants contend that not all amendments relate back to the original pleading and that two of the four requirements for relation are not met in

---

[13] R. Doc. 77 at p. 3 (*citing* R. Doc. 24).
[14] R. Doc. 77 at p. 4. Defendants also provide a chronology of this matter. *Id.* at pp. 2-5.
[15] *Id.* (*quoting* R. Doc. 77-1 at p. 3) (internal quotation marks omitted).
[16] R. Doc. 77 at p. 5 (citing *Lacy v. GeoVera Advantage Servs.*, Civ. A. No. 2:22-CV-05978, 2023 WL 3022566 (E.D. La. Apr. 20, 2023) (Cain, J.)).
[17] R. Doc. 77 at pp. 5-6.
[18] *Id.* at p. 6.

this case.[19]  Specifically, Defendants assert that they did not have notice of the litigation within the 90-day period for service under Rule 4(m), and that they did not receive notice of the suit within the one-year prescriptive period under Louisiana law, or by November 21, 2022.[20]  Defendants further assert that, while the issue of prescription and a Rule 12(b)(6) motion are not currently before the Court, Plaintiffs' Motion for Leave raises the issue of prescription, as Defendants were "operating under the economic and psychological security that no claim had been presented because the time for plaintiffs to file suit had long expired, and there was no known need for them to preserve any evidence."[21]  Defendants argue that there is nothing before the Court to indicate that any other defendants in this case, including the recently dismissed EAN Holdings, LLC, are so closely related that service on one defendant would operate as service on another and interrupt prescription.[22] Defendants argue that allowing Plaintiffs to amend at this late date would afford them a substantive right that no longer exists under Louisiana law, which is clearly prejudicial to both Empire and Lawrence Scott.[23]

    Plaintiffs did not file a reply brief in further support of their Motion.

---

[19] *Id*. at p. 7 (citing *Richard v. Reed*, 883 F. Supp. 107, 110 (W.D. La. 1995)).
[20] R. Doc. 77 at p. 7.
[21] *Id.* at pp. 7-8.
[22] *Id*. at pp. 8-9.
[23] *Id*. at p. 9.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 15(a)(2) governs the amendment of pleadings and provides that, "The court should freely grant leave when justice so requires." While Rule 15 espouses a liberal policy regarding amendments, the Fifth Circuit has made clear that granting leave to amend "is by no means automatic."[24] Instead, "the decision to grant or to deny a motion for leave to amend lies within the sound discretion of the trial court."[25] Additionally, the Fifth Circuit has made clear that, "Rule 16(b) governs amendment of pleadings after a scheduling order deadline has expired. Only upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave."[26] The Fifth Circuit has held that, "The good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'"[27] Courts consider the following four factors in determining whether good cause exists: (1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) the potential prejudice in allowing the amendment; and (4) the availability of a continuance.[28]

---

[24] *Addington v. Farmer's Elevator Mut. Ins. Co.,* 650 F.2d 663, 666 (5th Cir. 1981) (citation omitted).
[25] *Id.* (citation omitted).
[26] *S&W Enterp., LLC v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 536 (5th Cir. 2003).
[27] *Id.* at 535 (*quoting* 6A Charles Alan Wright et al., Federal Practice and Procedure § 1522.1 (2d ed. 1990)).
[28] *S&W Enterp., LLC*, 315 F.3d at 536.

## III. ANALYSIS

In the instant Motion, filed on May 1, 2024, Plaintiffs seek leave to amend their Amended Complaint[29] more than five months after the November 13, 2023 deadline for filing amendments to pleadings set forth in the Court's original Scheduling Order.[30] As such, Plaintiffs must show that good cause exists under Fed. R. Civ. P. 16(b)(4) to amend the Scheduling Order with respect to the deadline for filing amended pleadings. Plaintiffs, however, failed to address the good cause standard or the four-part test under which the Court determines whether to amend a scheduling order deadline in their Motion for Leave.[31] Instead, Plaintiffs assert that the Court should grant them leave to amend under the more liberal standard of Rule 15(a)(2) because "justice so requires." "When a party files an untimely motion for leave to amend and does not address the good cause standard under Rule 16(b)(4), the Court can deny the motion for that reason alone."[32] The Court finds that Plaintiffs' failure to address the good cause standard under Rule 16(b)(4) in their Motion provides a sufficient basis for the Court to deny the Motion for Leave.

---

[29] R. Doc. 24.
[30] R. Doc. 15. The Court notes that an Amended Scheduling Order was issued on May 7, 2024 (R. Doc. 75), six days after Plaintiffs filed the instant Motion for Leave, and includes a June 6, 2024 deadline for amendments to pleadings. R. Doc. 75.
[31] *See generally*, R. Docs. 68 & 68-1.
[32] *Matias v. Taylors Intern. Services, Inc.*, Civ. A. No. 09-3256, 2010 WL 3825402, at *3 (E.D. La. Sept. 24, 2010) (Roby, M.J.) (citing *Wachovia Bank, Nat'l Ass'n v. Schlegel*, Civ. A. No. 3:09-CV-1322-D, 2010 WL 2671316, at *3 (N.D. Tex. June 30, 2010) (Fitzwater, C.J.)). *See*, *Billiot v. Bankers Specialty Ins. Co.*, Civ. A. No. 22-2331, 2023 WL 2263826, at *4 (E.D. La. Feb. 28, 2023) (Brown, C.J.) (quoting *Matias, supra*) ("A court may deny a motion for leave to amend that does not address the good cause standard under Rule 16(b)(4) 'for that reason alone.'"); *Wright v. United Parcel Service Inc. (Ohio)*, Civ. A. No. 3:19-CV-00057, 2020 WL 13682798, at *1 (W.D. La. Jan. 29, 2020) (Hayes, M.J.) (citing *Matias, supra*) ("When a party files an untimely motion for leave to amend and does not address the good cause standard under Rule 16(b)(4), the Court can deny the motion for that reason alone.").

The Court further finds, however that it would have reached the same conclusion even if Plaintiffs had addressed the Rule 16(b)(4) good cause standard for modifying the Scheduling Order's November 13, 2023 deadline for amended pleadings.[33]  As explained by one of our sister courts, "The good cause standard focuses on the diligence of the party seeking to modify the scheduling order."[34]  Further, "Mere inadvertence on the part of the movants is insufficient to constitute 'good cause.' Instead, the movants must show that, despite their diligence, they could not have reasonably met the scheduling deadline."[35]  Here, Plaintiffs' counsel offer no explanation for their lack of diligence in determining the correct name of the alleged tortfeasor in this case prior to November 13, 2023, beyond their excuse of "human error" in transposing Lawrence Scott's name in several pleadings filed in this Court.  The Court finds that Plaintiffs' counsel's actions constitute more than "mere inadvertence" and "human error," and border on willful ignorance.  Plaintiffs' counsel have failed to offer any reason why a diligent investigation in this matter, or even a cursory review of the November 20, 2021 Uniform Motor Vehicle Traffic Crash Report,[36] the May 23, 2023 Notice of Removal,[37] or the September 13, 2023 discovery responses produced to Plaintiffs by EAN Holdings, LLC,[38] would not have revealed

---

[33] *See*, R. Doc. 15.
[34] *Wachovia Bank*, Civ. A. No. 3:09-CV-1322-D, 2010 WL 2671316 at *2 (quoting *Cut-Heal Animal Care Prods., Inc. v. Agri-Sales Assocs., Inc.*, Civ. A. No. 3:07-CV-1816-D, 2009 WL 305994, at *1 (N.D. Tex. Feb. 9, 2009) (Fitzwater, C.J.)) (internal quotation marks omitted).
[35] *Wachovia Bank*, Civ. A. No. 3:09-CV-1322-D, 2010 WL 2671316 at *2 (citing *Am. Tourmaline Fields v. Int'l Paper Co.*, 1998 WL 874825 (N.D. Tex. Dec. 7, 1998) (Fitzwater, J.)).
[36] R. Doc. 48-3.
[37] R. Doc. 1.
[38] R. Doc. 48-2 at p. 3.

Lawrence Scott's identity as the driver of the other vehicle before the deadline for filing amended pleadings.

Indeed, this Court held a status conference with the parties on November 13, 2023.[39] In compliance with the Court's Scheduling Order and in preparation for the status conference, counsel for EAN Holdings, LLC provided a status report to the Court, copying Plaintiffs' counsel.[40] That status report, again, advised that Plaintiffs had named two defendants, including "'Scott Lawrence' who upon information and belief was actually Lawrence Scott."[41] Amazingly, Plaintiffs, in a late-filed status report sent to the Court on November 9, 2023, acknowledged that the defendant's correct name is Lawrence Scott and that he was referenced as "Scott Lawrence" in Plaintiffs' Petition.[42] The Court was surprised, and disturbed, to learn that Plaintiffs' counsel has indicated that as late as March 15, 2024 – nearly two and a half years after the underlying car accident – he still did not know "Mr. Scott Lawrence [sic] actual name."[43] The evidence before the Court demonstrates a clear lack of diligence by Plaintiffs' counsel in failing to correctly identify the alleged tortfeasor in this case by the November 13, 2023 deadline for filing amended pleadings.

The Court further finds that a majority of the four factors used by Courts to determine whether good cause exists under Rule 16(b)(4) weigh against allowing the Plaintiffs' proposed amendment.[44] While the proposed amendment is important,

---

[39] R. Doc. 21.
[40] *See*, R. Doc. 80 at pp. 24-26.
[41] *Id.* at p. 24.
[42] *Id.* at p. 27.
[43] R. Doc. 77-1 at p. 3.
[44] *See*, *S&W Enterp., LLC v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 536 (5th Cir. 2003) (quotation and internal quotation marks omitted) ("this Court has applied a four-part test to determine

since it is vital to the Plaintiffs' case to have the alleged tortfeasor named as a defendant, Plaintiffs have failed to offer a reasonable explanation for their failure to comply with the November 13, 2023 deadline for filing amended pleadings. Indeed, it cannot be stressed enough that in addition to the Defendants' notice to Plaintiffs of Lawrence Scott's correct name, Plaintiffs acknowledged *in their own status report* to the Court dated November 9, 2023, before the deadline for filing amended pleadings, that they were aware that the correct name of the driver was Lawrence Scott.[45] Moreover, as Defendants point out, Lawrence Scott would be severely prejudiced if the Court allowed the proposed amendment because it is unclear whether the proposed amended pleading would relate back to the original state court Petition and interrupt the one-year prescriptive period on Plaintiffs' claims against Lawrence Scott.[46] The Court further finds that a continuance cannot cure the prejudice caused by allowing Plaintiffs to assert a claim against Lawrence Scott that no longer exists under Louisiana law.

Finally, the Court finds that, even under the more liberal standard of Rule 15(a), allowing the proposed amendment would not be appropriate in this case.[47]

---

whether the district court's refusal to modify its scheduling order was an abuse of discretion. We find this test appropriate as well in the context of untimely motions to amend pleadings. We consider (1) the explanation for the failure to [timely move for leave to amend]; (2) the importance of the [amendment]; (3) potential prejudice in allowing the [amendment]; and (4) the availability of a continuance to cure such prejudice.").

[45] R. Doc. 80 at pp. 27-29.

[46] *See*, La. Civ. Code art. 3492 ("Delictual actions are subject to a liberative prescription of one year. This prescription commences to run from the day injury or damage is sustained.").

[47] *See*, *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003) (quoting *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)) ("The Supreme Court lists five considerations in determining whether to deny leave to amend a complaint: undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, [and] futility of

Specifically, Plaintiffs' failure to correctly address their misidentification of Lawrence Scott for almost two and half years has caused the undue delay of this garden variety car accident case, as evidenced by the recent issuance of an Amended Scheduling Order resetting the trial date for November 18, 2024, nearly three years after the underlying car accident.[48]  Additionally, the Court previously granted Plaintiffs leave to amend their state court Petition, and Plaintiffs filed an Amended Complaint on November 28, 2023, again identifying the defendant as "Scott Lawrence."[49]  Plaintiffs' actions demonstrate a repeated failure to cure the deficiencies in their pleading by amendments previously allowed.  That, in turn, has caused a lengthy delay in Plaintiffs' attempt to serve Empire and "Scott Lawrence" in this matter.[50]  Additionally, as previously mentioned, Lawrence Scott would suffer undue prejudice if the Court allowed the proposed amendment, as Plaintiffs would be allowed to assert a substantive right that no longer exists under Louisiana law.  For these reasons, the Court finds that, even under the more liberal standard of Rule 15(a), leave to amend is not appropriate under the facts of this case.

As explained by another court in this Circuit, "Scheduling orders exist to ensure the efficient and orderly administration of justice.  Failure to abide by the deadlines set forth in the scheduling order has consequences."[51]  Plaintiffs' counsel has repeatedly failed to comply with Court-imposed deadlines in this case and,

---

the amendment . . . .  Absent such factors, the leave sought should, as the rules require, be freely given.") (internal quotation and internal quotation marks omitted).
[48] R. Doc. 75.
[49] R. Docs. 19, 21, & 24.
[50] *See*, R. Docs. 9, 10, 31, 33, 34, 36, 37, 39, 41, 42, 43, 44, 57, 58, 59, & 71.
[51] *Wright v. United Parcel Service Inc. (Ohio)*, Civ. A. No. 3:19-CV-00057, 2020 WL 13682798, at *1 (W.D. La. Jan. 29, 2020) (Hayes, M.J.).

without good cause or explanation, failed to correctly name a proposed party even after they had been provided that information on numerous occasions. For the reasons set forth above, the Court finds that Plaintiffs have failed to show that good cause exists under Fed. R. Civ. P. 16(b)(4) to modify the Scheduling Order with respect to the November 13, 2023 deadline for filing amended pleadings. The Court further finds that, even if Plaintiffs could satisfy the good cause requirement, the proposed amendment is not appropriate under Fed. R. Civ. P. 15(a)(2).

### IV.   CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiffs' Motion for Leave to File Second Amended Complaint[52] is **DENIED.**

New Orleans, Louisiana, July 3, 2024.

*WENDY B. VITTER*
**WENDY B. VITTER**
**United States District Judge**

---

[52] R. Doc. 68.